SO ORDERED.

SIGNED this 6th day of March, 2020.



Dale L. Somers
United States Chief Bankruptcy Judge
_____

Designated for on-line use but not print publication

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

Riley Drive Entertainment XIX, LLC,

Debtor.

Case No. 20-40046
Chapter 11

**Memorandum Opinion and Order
Denying the United States Trustee's
Motion to Compel Debtor to Give Notice to Employee-Creditors**

Debtor Riley Drive Restaurant XIX, LLC filed a voluntary petition under Chapter 11 on January 15, 2020. On January 17, 2020, Debtor filed several first day motions, including an Application for Approval of Payment of

Prepetition Payroll (Application).[1] The United States Trustee (Trustee) responded with his Motion to Compel Debtor to Give Notice to Employee-Creditors (Motion).[2] He seeks an order "compelling the debtor to give notice to its employee-creditors of this bankruptcy—and, specifically the payroll motion immediately affecting their rights."[3] A hearing on the Application and the Motion was held on January 22, 2020. The Court granted the Application and took the Motion under advisement. For the reasons discussed below, the Court finds that under the circumstances of this case, notice to the employee-creditors whose payment was the subject of the Application is not required and denies the Motion.

## I. Findings of Fact

Debtor does business as Ignite Wood Fire Grill, a high-end restaurant in Lenexa, Kansas. Debtor's general manager, a credible witness, testified as to the following facts.

Debtor has a small number of employees, about forty. When Debtor filed the petition, its payroll obligations were current through the last payday scheduled prepetition. The Application sought to pay the employees for the

---

[1] Doc. 13.

[2] Doc. 32.

[3] Doc. 32, p.1.

2

partial pay period after the end of the last prepetition pay period up to the date of filing the petition. The Application did not include a request to omit lists of employees from the matrix and Schedule E/F. The total owed to the employee-creditors was approximately $28,000.

The Chapter 11 petition was filed January 15, 2020. The creditor matrix was filed the following day, but it did not include the creditor-employees. The Application was filed on January 17, 2020, before the schedules were filed. The Debtor served the motion on the Trustee and eight creditors, but not on the employee-creditors. Thus, these employee-creditors were not given notice of the filing of the Chapter 11 petition or of the Application. The most senior employees were informed by management of the bankruptcy filing.

Debtor's employees are about equally divided between core employees, long-term employees, and short-term employees. High-end restaurants struggle to get and keep employees. Continued employment of the core and long-term employees is necessary for Debtor's successful Chapter 11 reorganization. The core employees include the chefs, the general manager, and persons who order food and bar supplies. They control costs. If one of the purchasing agents were to terminate employment, it would take about one month to locate a replacement and about three months to train such person.

3

If three such employees needed to be replaced, it would result in increased cost of kitchen and bar supplies of approximately $80,000. The loss of seven core employees would probably be sufficient to cause Debtor to convert to a Chapter 7 case. The senior wait staff are key to maintaining established customers.

If required to give the employees notice of the bankruptcy filing, news of the filing, as well as many unfounded rumors, would spread through social media. Employees tend to believe that bankruptcy is equivalent to closing. Other restaurants who have filed for bankruptcy protection have experienced an immediate ten to fifteen percent loss of employees. In today's economic environment, experienced restaurant employees can very quickly find new positions.

Ideally, an employer would prefer to inform employees of a filing at a staff meeting. But for Debtor, it was impossible to have a meeting of all employees to inform them of the filing before mail notice would arrive. Because many employees have other jobs or would need child care, only about one-half of the employees would have participated in a meeting.

The best way for employees to learn about their employer's bankruptcy is through experiencing that the business operates after filing for Chapter 11

protection just as it did before filing. The importance of the filing fades and rumors are stopped.

## II. Analysis

The Code and bankruptcy rules clearly impose upon a debtor the duty to file a schedule identifying all unsecured creditors and a matrix listing all creditors. Section 521(a)(1)[4] provides, "[t]he debtor shall (1) file (A) a list of creditors; and (B) unless the court orders otherwise - (i) a schedule of assets and liabilities." Rule 1007(b)[5] provides, "the debtor, unless the court orders otherwise, shall file the following schedules, . . prepared as prescribed by the appropriate Official Forms, if any: (A) schedules of assets and liabilities." Official Form 106E/F requires the listing of all creditors who have unsecured claims. Rule 1007(a)(1) provides, "[i]n a voluntary case, the debtor shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H as prescribed by the Official Forms." This is commonly called the creditor matrix.

In this case, the employee-creditors are unsecured creditors. The Trustee relies on § 551(a)(1) and Rule 1007(a) and (b) when moving for an

---

[4] 11 U.S.C. § 521(a)(1). All references to title 11 in the text shall be to the section number only.

[5] Fed. R. of Bankr. P. 1007(b). All references in the text to the Federal Rules of Bankruptcy Procedure shall be to the rule number only.

order to compel Debtor to give notice to its employee-creditors of the bankruptcy case through their inclusion on the creditor matrix and service of the Application. He also submits that the employee-creditors should be included on Schedule E/F.

The Court declines to grant the motion to compel. Inclusion of the phrase "unless the court orders otherwise" in both § 521(a)(1) and Rule 1007(b) provides authority for the Court to excuse strict compliance with the Debtor's notice duty. A factual basis for the Court to exercise its discretion to excuse service on the employee-creditors exists in this case, and the Trustee has not demonstrated any adverse consequences from the denial of his Motion.

"The fundamental purpose of reorganization is to prevent a debtor from going into liquidation, with an attendant loss of jobs and possible misuse of economic resources."[6] Employees are the lifeblood of an operating restaurant. Therefore, procedures to retain employees can be critical to prevention of liquidation.[7] The evidence in this case convinces the Court that requiring inclusion of the employee-creditors on the creditor matrix and schedule E/F

---

[6] *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984) (citing H.R. Rep. No. 95-595, p. 220 (1977)).

[7] *See In re Escalera Res. Co.*, No. 15-22395, 2015 WL 7351396, at *1 (Bankr. D. Colo. Nov. 9, 2015).

6

plus service of the Application would be detrimental to Debtor's rehabilitation prospects. Because of the business hours and the employment of individuals with second jobs or child care issues, holding an employee meeting to inform them of bankruptcy plans and assure them of continued employment and compensation before notice would be received in the mail was not practical.

The best way to retain employees after filing is to show them through postpetition operation that bankruptcy does not mean termination of the business. As Debtor's manager member testified, employees assume that filing for bankruptcy means that a restaurant will close and when learning of a filing, they tend to immediately look for other employment, which is easily located. Debtor's core employees are critical to its profitable operation. If one of them were to leave, searching for and training a replacement would result in significant increased costs; a loss of three could increase the costs of food and bar supplies over a few months by $80,000. A loss of seven core employees would probably be cause for management to decide to convert this case to a Chapter 7 liquidation.

There is no evidence that it would not be just to deny the Trustee's motion to compel. The evidence establishes that when the bankruptcy petition was filed, the employee-creditors had been paid current through the last payday scheduled prepetition and had no claims other than for unpaid wages

7

earned after the close of that pay period and the date of filing. The Court is convinced that the Debtor is not attempting to deprive employees from participating in the bankruptcy case.

## III. Conclusion

For the foregoing reasons, the Trustee's motion to compel is denied.

The Court cautions that denial of the motion to compel in this case should not be construed as a general rule that inclusion of employee-creditors in the matrix and on the schedule of creditors, plus service of a first day payroll application, is excused in this Court. In general, even for restaurant debtors and other service oriented Debtors, omission of employee-creditors from the matrix and schedule E/F and failure to serve the first day payroll motion on employee-creditors will be allowed only on a case by case basis by order entered following testimony convincing the Court that omission serves a particularized purpose and is just. A Debtor seeking such an order, should file with the petition a motion to exclude employee-creditors from the matrix, schedule E/F, and service of a payroll motion. It should not be incumbent of the Trustee to bring the issue to the Court's attention through filing a motion to compel.

**It is so ordered.**

# # #